PER CURIAM
*747 Mother appeals a denial of her motion to set aside a judgment terminating her parental rights by default when she failed to appear at the termination trial. Mother sought to set aside the judgment based on "excusable neglect." See ORS 419B.923(1) ("Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to: * * * (b) Excusable neglect."). At the hearing on the motion to set aside, mother was not present at the start of the hearing, but her counsel was present and argued the motion. The juvenile court then denied mother's motion based on a "lack of prosecution, given that mother is not here."
Mother argues that the juvenile court abused its discretion in denying her motion based on her failure to be present at the start of the hearing.[1] See Dept. of Human Services v. K. M. P. , 251 Or. App. 268, 272, 284 P.3d 519 (2012) (reviewing the denial of a motion to set aside a judgment under ORS 419B.923 for an abuse of discretion). Both DHS and mother's child concede that the court abused its discretion in denying mother's motion on the basis on which the court denied it and agree that the case should be reversed and remanded for a hearing on the merits of mother's motion to set aside. We agree with and accept the concessions. Under ORS 419B.923(1), it was not necessary for mother to be personally present for the juvenile court to rule on the merits of mother's motion. Accordingly, we reverse and remand for a hearing on the merits of mother's motion to set aside the termination judgment.
Reversed and remanded.

Based on our disposition of this assignment of error, we do not address mother's assignment of error to the juvenile court's denial of her motion for a short continuance of the hearing on her motion to set aside.