300 June 20, 2024 No. 413

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. B., aka G. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. A. B.,
*Appellant.*

Clackamas County Circuit Court
23JU00552; A183035

Heather Karabeika, Judge.

Submitted May 8, 2024.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Father appeals from a final order that denied his motion to set aside a judgment terminating his parental rights (TPR) following his failure to appear at the termination trial. Father sought to set aside the judgment based on "excusable neglect." *See* ORS 419B.923(1).[1] At the hearing on the motion to set aside, father again failed to appear; however, his counsel was present and requested a continuance, which the juvenile court denied. The juvenile court then confirmed that the termination judgment would stand and denied father's motion to set it aside. Because the court committed plain error in denying the motion to set aside on the basis of father's failure to appear at the hearing, we reverse and remand.[2]

We briefly recount the procedural facts necessary to understand our disposition. When father did not appear in court on the day of the hearing on his motion to set aside the termination judgment, his counsel requested that the hearing be set over. The Department of Human Services (DHS) opposed the set-over request and presented testimony regarding father's contact with the office and access to resources to support his transportation to the hearing. The court concluded that the hearing would not be set over. Following that decision, the juvenile court stated:

"I do think that he clearly had notice of today's hearing. I'm satisfied with that and he's not present, so the TPR judgment will stand. * * *

"I guess my question is more, do I need to deny the motion at this time or just leave it sort of floating out there? I guess I need to deny it.

---

[1] ORS 419B.923(1) reads, in relevant part:

"Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:

"* * * * *

"(b)  Excusable neglect."

[2] We note that father's appeal of the merits of the termination judgment itself was recently affirmed without opinion. *Dept. of Human Services v. J. A. B.*, 332 Or App 564 (2024). This opinion addresses only the denial of the motion to set aside.

"\*\*\*\*\*

"So the motion will be respectfully denied and that will conclude this matter for today."

The order denying the motion stated:

"Father had notice of today's hearing but did not appear.

"Father's attorney's request to set this matter over is denied.

"Judge Lininger will sign the TPR orders on this matter.[3]

"Father's motion to set aside is therefore denied."

Father asserts that the juvenile court abused its discretion by denying his motion to set aside the TPR judgment based on his failure to appear at the hearing on the motion, rather than reaching the merits of whether he had established excusable neglect and then deciding whether to exercise its discretion to set aside the termination judgment. ORS 419B.923(1); *Dept. of Human Services v. K. M. P.*, 251 Or App 268, 271-72, 284 P3d 519 (2012) (discussing the two-step process for the trial court to assess a motion to set aside a judgment under ORS 419B.923 and noting that the denial of such a motion is reviewed for an abuse of discretion). We agree that the trial court erred. Under ORS 419B.923(1), it was not necessary for father to be personally present for the juvenile court to rule on the merits of his motion. *Dept. of Human Services v. A. O.*, 296 Or App 746, 747, 439 P3d 573 (2019). We are aware of no authority mandating personal appearance for the adjudication of a motion to set aside a judgment.

DHS does not defend the court's decision to deny the motion based on father's failure to appear; rather, DHS asserts that the issue is not preserved and argues that this is not a situation in which we should exercise our discretion to review for plain error.

---

[3] Father filed his motion to set aside the judgment on the day of his termination trial, before the termination judgment had been signed. That judgment was being held until resolution of the motion to set aside. The judgment was later entered and father timely filed this appeal challenging the denial of his motion to set aside.

We agree that father did not preserve this issue below. When asked whether she was ready to move forward with the motion, counsel asked that it be set over. Upon the court denying that request, counsel made no further argument in support of the motion, and did not request that the court rule on the merits of the motion to set aside, despite father's absence. We therefore turn to father's request that we review for plain error. ORAP 5.45(1) (allowing discretionary review of plain errors). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). We conclude that all elements are met and that this is an appropriate case for us to exercise our discretion.

Whether the court decided the motion on an improper basis is a question of law. Controlling case law makes clear that father was not required to be personally present for the juvenile court to rule on the merits of his motion. *A. O.*, 296 Or App at 747; *see also Kharma and Aljundi*, 332 Or App 489, 491, ___ P3d ___ (2024) (concluding that a trial court plainly erred in treating a party as "in default" when only his attorney appeared at the divorce proceeding, and noting that "'[a]ny action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, *** unless otherwise specifically provided by law'" (quoting ORS 9.320 (omission in *Kharma*)). Finally, we conclude that it is apparent on the record that the court denied the motion based on father's failure to appear. We disagree with DHS's assertion that it is not entirely clear from the record that the court denied the motion based on father's failure to appear.

We also conclude that this is an appropriate case in which to exercise our discretion to correct a plain error. The interest involved—father's right to a legal relationship with his child—is a serious one, and the ends of justice require correction. Accordingly, we reverse and remand for adjudication of the merits of father's motion to set aside the termination judgment for excusable neglect.

Reversed and remanded.